JS - 6

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| EMILIANA PIRVU, <br><br> Plaintiffs, <br><br> vs. <br><br> YUCCA VALLEY DEVELOPMENT DEPARTMENT, <br><br> Defendant. | NO. EDCV-12-0738-JLQ <br><br> ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND |

Pro se Plaintiff, Emiliana Pirvu, has brought a rather unintelligible Complaint against a Department of the Town of Yucca Valley (the "Defendant" or "the Town"). Defendant responded to the Complaint by filing a Motion to Dismiss Or Alternatively, Strike Allegations from Complaint (ECF No. 9), which asks the court to dismiss the Complaint *with prejudice*. Plaintiff has responded to the Motion by asking the court to decide her case "on its merits, rather than on technical or procedural grounds" (ECF No. 14 at 4) and requesting she be granted relief requiring the Town's "civil servants to stop abusing that office [and] to stop acting like communists." (ECF No. 14 at 7).

## I.  BACKGROUND

Plaintiff's Complaint alleges she purchased property located in the Town of Yucca Valley in a tract homes development on February 23, 2009. Plaintiffs claims in the

ORDER - 1

Complaint arise from two primary concerns: first, Plaintiff's property line (specifically her front property line); and second, a retaining wall at Plaintiff's rear property line.

First, the Complaint alleges that the recorded description of the property Plaintiff purchased is "incorrect" and does not match the "actual" real property which she paid for. Plaintiff contends the recorded tract map shows her lot is 125 feet deep along a 60 foot wide street, but she claims the real property she purchased is 135 feet long along a 40 foot wide street. Plaintiff claims that when she purchased the property, she was deceived by the recorded description "of a clear street as the front line" of her property.

Upon purchasing the property, Plaintiff asserts she erected a fence at the street curb, which she believed was her front property line and claims that the fence was "approved" by the Town. Attached to the Complaint is a letter dated January 24, 2011 from the Town's Code Compliance Officer notifying Plaintiff that her white fence did not meet the five-foot setback required for zoning and was located within the street right of way. Also attached to the Complaint is a letter dated May 19, 2011, in which the Town advised the Plaintiff she *could* be fined if she did not relocate the fence fronting her property off the public right-of-way behind her existing property line.

Plaintiff contends the incorrect recorded description of the property describing a street as the front line of the property amounts to a fraud perpetrated on her. She also contends the Town is violating her civil rights, specifically her right to equal protection, because there are other properties with fences at the curb of the street. ECF No. 1 at 6, 11, 25.

Finally, Plaintiff's Complaint contends that her terraced development is dangerous and that her backyard and property floods due to water seeping from a common retaining wall which her neighboring landowner converted into a planter. Plaintiff attaches to her Complaint letters dated October 5, 2010 and November 5, 2010 to the Town, which describe her problem with the retaining wall and ask the Town to correct the integrity of the retaining wall. ECF No. 1 at 32-35. Also attached to the Complaint is a response from

ORDER - 2

the Town dated March 13, 2011 advising Plaintiff that the retaining wall was inspected on multiple occasions by the Town, determined to be in compliance with Town standards, and that the matter was a "civil matter[] between property owners." ECF No. 1 at 49. Plaintiff claims the Town is violating a *County* Development Code concerning retaining walls. (ECF No. 1 at 28-29).

On June 23, 2011, Plaintiff filed a lawsuit against the Town regarding the same dispute in San Bernardino County Superior Court. *See ECF No. 10*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir.1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the

ORDER - 3

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.... However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992).

```
ORDER - 4
```

## III. DISCUSSION

Plaintiff's Complaint and response to the Defendant's Motion consists of pages of rambling, disjointed factual allegations, and a recital of legal doctrines, which do not shed light on or strengthen the nature of Plaintiff's claims. Even giving this pro se Complaint liberal construction, Plaintiff fails to satisfy the Rule 8(a)(2) requirement for a short and plain statement of claims showing she is entitled to relief. It is evident that no amount of liberal construction can rescue this suit from dismissal. Because the Court finds that amendment would be futile, the Court will dismiss this action in its entirety, without leave to amend.

### A. Equal Protection

Although there is no contention the Town has actually taken any enforcement action against Plaintiff, Plaintiff alleges the Town is treating differently than other fence owners "in town." Zoning ordinances and their application and enforcement may be challenged in court as being unreasonably discriminatory in violation of U.S. Const. Art. XIV guarantees of equal protection. Class-of-one equal protection challenges require a showing that a plaintiff has been "singled out" for disparate treatment *for no legitimate reason*. Often, this may be demonstrated by evidence of malice, bad faith, or intent to injure the property owner, or it may rest on evidence that the singling out was simply arbitrary and capricious. A claim for denial of equal protection will lie in a relatively small number of cases where an individual is subjected to spiteful actions taken by governmental authorities for reasons wholly unrelated to any legitimate governmental objective. Plaintiff's contention that there are other curbside fences in the town is insufficient to plausibly support an equal protection claim. The allegation of dissimilar treatment in this regard is nothing more than a naked assertion devoid of factual content.

### B. Failure to Enforce County Ordinance

Plaintiff's general allegation that the Town has failed to enforce a *County* ordinance relating to retaining walls is also insufficient to a federal claim under 42 U.S.C. Section

ORDER - 5

1983 against the Town. There is no contention the County ordinance applies to the Town or that Plaintiff has pursued any state law remedies for a violation of state law, nor is would there be any basis for a finding that Plaintiff has a constitutionally protected property interest in the municipality's compliance with building and zoning ordinances.

**C.    Fraud**

Plaintiff also asserts she is a "defrauded citizen." Although there is no contention as to what specific fraudulent conduct the Town has allegedly engaged in, it seems that Plaintiff is alleging she was fraudulent induced into purchasing the property by relying upon a recorded tract map, which Plaintiff contends is false and which the Town is alleged to have known to be false. In order to set forth a state law claim for fraud federal law requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). The Ninth Circuit has "interpreted  Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir.1988).

Plaintiff's Complaint is devoid of allegations to state a cognizable fraud claim. First, it is impossible to ascertain with any degree of particularity the precise conduct being alleged as to the Town. There are no allegations regarding what involvement, if any, the Town had with the recording of the tract map. Moreover, the right of governmental authorities to control and regulate matters regarding plats and maps of subdivisions or additions is generally recognized, and many jurisdictions have established regulations relating to maps or plats of subdivisions or additions. Plaintiff has not eluded to any violation of any such regulation.

**IV.    CONCLUSION**

While it is evident that Plaintiff is dissatisfied with the Town's response to her fence

ORDER - 6

1  and retaining wall concerns, Plaintiff's Complaint fails to forge a link between this
2  dissatisfaction and a viable cause of action that lies within this Court's subject matter
3  jurisdiction.  Accordingly, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**
4  and upon entry of final judgment, this action shall be **DISMISSED** in its entirety without
5  prejudice and without leave to amend.

6       The Clerk of the Court shall enter final judgment dismissing the Complaint and all
7  claims alleged therein without prejudice, provide copies to counsel and the Plaintiff, and
8  **CLOSE THE FILE**.

9       **IT IS SO ORDERED.**

10      Dated October 17, 2012.

11                    s/ Justin L. Quackenbush
                  JUSTIN L. QUACKENBUSH
12         SENIOR UNITED STATES DISTRICT JUDGE

28 ORDER - 7