JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

EMILIANA PIRVU,                                    )          NO. EDCV-12-0738-JLQ
                                                   )
                                                   )
                                                   )
                   Plaintiffs,                     )          ORDER GRANTING MOTION
                                                   )          TO DISMISS WITHOUT
                                                   )          PREJUDICE AND
        vs.                                        )          WITHOUT LEAVE TO
                                                   )          AMEND
                                                   )
YUCCA VALLEY DEVELOPMENT                           )
DEPARTMENT,                                        )
                                                   )
                   Defendant.                      )
_____ )

        Pro se Plaintiff, Emiliana Pirvu, has brought a rather unintelligible Complaint against a Department of the Town of Yucca Valley (the "Defendant" or "the Town"). Defendant responded to the Complaint by filing a Motion to Dismiss Or Alternatively, Strike Allegations from Complaint (ECF No. 9), which asks the court to dismiss the Complaint *with prejudice*. Plaintiff has responded to the Motion by asking the court to decide her case "on its merits, rather than on technical or procedural grounds" (ECF No. 14 at 4) and requesting she be granted relief requiring the Town's "civil servants to stop abusing that office [and] to stop acting like communists." (ECF No. 14 at 7).

I.      BACKGROUND

        Plaintiff's Complaint alleges she purchased property located in the Town of Yucca Valley in a tract homes development on February 23, 2009. Plaintiffs claims in the

ORDER - 1

1 Complaint arise from two primary concerns: first, Plaintiff's property line (specifically her
2 front property line); and second, a retaining wall at Plaintiff's rear property line.

3 First, the Complaint alleges that the recorded description of the property Plaintiff
4 purchased is "incorrect" and does not match the "actual" real property which she paid for.
5 Plaintiff contends the recorded tract map shows her lot is 125 feet deep along a 60 foot
6 wide street, but she claims the real property she purchased is 135 feet long along a 40 foot
7 wide street. Plaintiff claims that when she purchased the property, she was deceived by
8 the recorded description "of a clear street as the front line" of her property.

9 Upon purchasing the property, Plaintiff asserts she erected a fence at the street curb,
10 which she believed was her front property line and claims that the fence was "approved"
11 by the Town. Attached to the Complaint is a letter dated January 24, 2011 from the
12 Town's Code Compliance Officer notifying Plaintiff that her white fence did not meet the
13 five-foot setback required for zoning and was located within the street right of way. Also
14 attached to the Complaint is a letter dated May 19, 2011, in which the Town advised the
15 Plaintiff she *could* be fined if she did not relocate the fence fronting her property off the
16 public right-of-way behind her existing property line.

17 Plaintiff contends the incorrect recorded description of the property describing a
18 street as the front line of the property amounts to a fraud perpetrated on her. She also
19 contends the Town is violating her civil rights, specifically her right to equal protection,
20 because there are other properties with fences at the curb of the street. ECF No. 1 at 6, 11,
21 25.

22 Finally, Plaintiff's Complaint contends that her terraced development is dangerous
23 and that her backyard and property floods due to water seeping from a common retaining
24 wall which her neighboring landowner converted into a planter. Plaintiff attaches to her
25 Complaint letters dated October 5, 2010 and November 5, 2010 to the Town, which
26 describe her problem with the retaining wall and ask the Town to correct the integrity of
27 the retaining wall. ECF No. 1 at 32-35. Also attached to the Complaint is a response from

28 ORDER - 2

1 the Town dated March 13, 2011 advising Plaintiff that the retaining wall was inspected

2 on multiple occasions by the Town, determined to be in compliance with Town standards,

3 and that the matter was a "civil matter[] between property owners."  ECF No. 1 at 49.

4 Plaintiff claims the Town is violating a *County* Development Code concerning retaining

5 walls.   (ECF No. 1 at 28-29).

6    On June 23, 2011, Plaintiff filed a lawsuit against the Town regarding the same

7 dispute in San Bernardino County Superior Court.  *See ECF No. 10.*

8 **II.    LEGAL STANDARD**

9    Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of

10 action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v.*

11 *Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir.1983). When considering a motion

12 to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only

13 when the complaint does not give the defendant fair notice of a legally cognizable claim

14 and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

15 In considering whether the complaint is sufficient to state a claim, the Court will take all

16 material allegations as true and construe them in the light most favorable to the plaintiff.

17 *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

18    The Court, however, is not required to accept as true allegations that are merely

19 conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v.*

20 *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a

21 cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts

22 showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

23 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

24    A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure

25 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San*

26 *Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that

27 a plaintiff's complaint contain "a short and plain statement of the claim showing that the

28 ORDER - 3

1  pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Prolix, confusing complaints" should
2  be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v.*
3  *Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has
4  "instructed the federal courts to liberally construe the 'inartful pleading' of pro se
5  litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987), the Court will view
6  Plaintiff's pleadings with the appropriate degree of leniency.

7       "Generally, a district court may not consider any material beyond the pleadings in
8  ruling on a Rule 12(b)(6) motion.... However, material which is properly submitted as part
9  of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v.*
10 *Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted).
11 Similarly, "documents whose contents are alleged in a complaint and whose authenticity
12 no party questions, but which are not physically attached to the pleading, may be
13 considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion
14 to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th
15 Cir.1994). Under Federal Rule of Evidence 201, a court may take judicial notice of
16 "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th
17 Cir.1986). Otherwise, if the district court considers materials outside of the pleadings, the
18 motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa*
19 *Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

20      If the court grants a motion to dismiss, it must then decide whether to grant leave
21 to amend. The court should "freely give" leave to amend when there is no "undue delay,
22 bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing
23 party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a);
24 *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when
25 it is clear that the deficiencies of the complaint cannot be cured by amendment. See
26 *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992).

27

28  ORDER - 4

1   **III.   DISCUSSION**

2   Plaintiff's Complaint and response to the Defendant's Motion consists of pages of

3   rambling, disjointed factual allegations, and a recital of legal doctrines, which do not shed

4   light on or strengthen the nature of Plaintiff's claims. Even giving this pro se Complaint

5   liberal construction, Plaintiff fails to satisfy the Rule 8(a)(2) requirement for a short and

6   plain statement of claims showing she is entitled to relief.  It is evident that no amount of

7   liberal construction can rescue this suit from dismissal.  Because the Court finds that

8   amendment would be futile, the Court will dismiss this action in its entirety, without leave

9   to amend.

10   **A.   Equal Protection**

11   Although there is no contention the Town has actually taken any enforcement

12   action against Plaintiff, Plaintiff alleges the Town is treating differently than other fence

13   owners "in town."   Zoning ordinances and their application and enforcement may be

14   challenged in court as being unreasonably discriminatory in violation of U.S. Const. Art.

15   XIV guarantees of equal protection. Class-of-one equal protection challenges require a

16   showing that a plaintiff has been "singled out" for disparate treatment *for no legitimate*

17   *reason*. Often, this may be demonstrated by evidence of malice, bad faith, or intent to

18   injure the property owner, or it may rest on evidence that the singling out was simply

19   arbitrary and capricious.  A claim for denial of equal protection will lie in a relatively

20   small number of cases where an individual is subjected to spiteful actions taken by

21   governmental authorities for reasons wholly unrelated to any legitimate governmental

22   objective. Plaintiff's contention that there are other curbside fences in the town is

23   insufficient to plausibly support an equal protection claim.  The allegation of dissimilar

24   treatment in this regard is nothing more than a naked assertion devoid of factual content.

25   **B.   Failure to Enforce County Ordinance**

26   Plaintiff's general allegation that the Town has failed to enforce a *County* ordinance

27   relating to retaining walls is also insufficient to a federal claim under 42 U.S.C. Section

28   ORDER - 5

1  1983 against the Town.  There is no contention the County ordinance applies to the Town

2  or that Plaintiff has pursued any state law remedies for a violation of state law, nor is

3  would there be any basis for a finding that Plaintiff has a constitutionally protected

4  property interest in the municipality's compliance with building and zoning ordinances.

5  **C.      Fraud**

6  Plaintiff also asserts she is a "defrauded citizen." Although there is no contention

7  as to what specific fraudulent conduct the Town has allegedly engaged in, it seems that

8  Plaintiff is alleging she was fraudulent induced into purchasing the property by relying

9  upon a recorded tract map, which Plaintiff contends is false and which the Town is alleged

10 to have known to be false.  In order to set forth a state law claim for fraud federal law

11 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud

12 or mistake shall be stated with particularity. Malice, intent, knowledge and other condition

13 of mind of a person may be averred generally." Fed. R. Civ. Proc. 9(b). The Ninth Circuit

14 has "interpreted  Rule 9(b) to mean that the pleader must state the time, place and specific

15 content of the false representations as well as the identities of the parties to the

16 misrepresentation." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th

17 Cir.1988).

18 Plaintiff's Complaint is devoid of allegations to state a cognizable fraud claim. First,

19 it is impossible to ascertain with any degree of particularity the precise conduct being

20 alleged as to the Town.  There are no allegations regarding what involvement, if any, the

21 Town had with the recording of the tract map.  Moreover, the right of governmental

22 authorities to control and regulate matters regarding plats and maps of subdivisions or

23 additions is generally recognized, and many jurisdictions have established regulations

24 relating to maps or plats of subdivisions or additions.  Plaintiff has not eluded to any

25 violation of any such regulation.

26 **IV.     CONCLUSION**

27 While it is evident that Plaintiff is dissatisfied with the Town's response to her fence

28 ORDER - 6

1 and retaining wall concerns, Plaintiff's Complaint fails to forge a link between this

2 dissatisfaction and a viable cause of action that lies within this Court's subject matter

3 jurisdiction. Accordingly, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**

4 and upon entry of final judgment, this action shall be **DISMISSED** in its entirety without

5 prejudice and without leave to amend.

6       The Clerk of the Court shall enter final judgment dismissing the Complaint and all

7 claims alleged therein without prejudice, provide copies to counsel and the Plaintiff, and

8 **CLOSE THE FILE**.

9       **IT IS SO ORDERED.**

10       Dated October 17, 2012.

11                            s/ Justin L. Quackenbush
                          JUSTIN L. QUACKENBUSH

12               SENIOR UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ORDER - 7